F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 1 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00360-BNB

MICHAEL REA II (Real Property),

    Plaintiff,

v.

AGENTS (A.G.) FOR THE STATE OF COLORADO,
EIGHTH JUDICIAL DISTRICT COURT OF LARIMER COUNTY OFFICES,
DISTRICT DIRECTOR OF COLORADO (GOVERNOR), and
THE SECRETARY FOR THE STATE OF COLORADO,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Michael Rea II, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. He filed *pro se* a complaint. He asserts jurisdiction pursuant to:

> In Rem. [Admiralty] Pursuant to Federal Rules of Civil
> (P) 9(h) and Pursuant to the Supplemental Rules of
> Admiralty and Martime [sic] Claims, Rule (C), and F.R.C.R.
> 4(e). In Personam.

Complaint at 3. On March 18, 2011, he filed a supplement to claim two. He has paid the $350.00 filing fee.

    The Court must construe Mr. Rea's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se*

litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Rea will be directed to file an amended complaint.

Mr. Rea's complaint totals fifty-eight pages, including attachments. He apparently considers himself to be real property and his state convictions on charges of sexual assault on a child to be a lien against his property. Other than these allegations, his complaint is practically unintelligible. He asserts three claims of involuntary servitude/peonage (claim one), fraudulent concealment (claim two), and lack of subject matter jurisdiction by way of maritime claim/contract (claim three). To the extent Mr. Rea may seek his release from incarceration, his sole federal remedy is a writ of habeas corpus, after he has exhausted state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).

Mr. Rea's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief

2

sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Rea to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Real fails to set forth a short and plain statement of the grounds for the court's jurisdiction. He also fails to set forth a short and plain statement of his claims showing he is entitled to relief. It is Mr. Rea's job to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Rea will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. In the amended complaint, Mr. Rea must allege, simply and concisely, his specific claims for relief. He must not set forth an extended and unnecessary discussion of insignificant details and legal argument in support of his claims but rather provide "a generalized statement of the facts from which the

defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Rea may not sue the State of Colorado or its entities, such as the Eighth Judicial District Court of Larimer County or its offices. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

Mr. Rea will be directed to file an amended complaint that states his claims clearly and concisely, asserts what rights were violated, and alleges specific facts

demonstrating the personal involvement of named defendant in the asserted violations.

Accordingly, it is

ORDERED that Plaintiff, Michael Rea, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Rea, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Rea fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED March 31, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00360–BNB

Michael D. Rea
Prisoner No. 118902
Bent County Correctional Facility
11560 Road FF75
Las Animas, CO 81054

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on March 31, 2011.

                                       GREGORY C. LANGHAM, CLERK

                                       By: _____
                                                   Deputy Clerk