FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 14 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00360-BNB

MICHAEL REA II,

Plaintiff,

v.

COMMITTEE ON LEGAL SERVICES [C.R.S.] Title [18] - corporate capacity. 2002-03,

Defendant.

---

ORDER OF DISMISSAL

---

Plaintiff, Michael Rea II, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. He filed ***pro se*** a complaint that asserted jurisdiction pursuant to:

> In Rem. [Admiralty] Pursuant to Federal Rules of Civil (P) 9(h) and Pursuant to the Supplemental Rules of Admiralty and Martime [sic] Claims, Rule (C), and F.R.C.R. 4(e). In Personam.

Complaint at 3.

In his original complaint, Mr. Rea apparently alleged that he considered himself to be real property and his state convictions on charges of sexual assault on a child to be a lien against his property. Otherwise, the complaint was generally unintelligible. He asserted three claims of involuntary servitude/peonage (claim one), fraudulent concealment (claim two), and lack of subject matter jurisdiction by way of maritime

claim/contract (claim three). On March 18, 2011, he filed a supplement to claim two. He paid the $350.00 filing fee.

On March 31, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Rea to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and sued the proper parties. On April 8, 2011, Mr. Rea filed an amended complaint titled "Prisoner Complaint - Amended by Order - 03/31/11. Diversity Action - 28 USC § 1332." He asserts jurisdiction pursuant to:

> 28 USC § 1332 [Diversity], § 2254 relief, and F.R.C.P.(2) - Civil Tort/Fraud; Truth-in-Lending. [370-371] and common law rights deprivation.

Amended complaint at 3.

The Court must construe Mr. Rea's filings liberally because he is representing himself. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the ***pro se*** litigant's advocate. ***Hall***, 935 F.2d at 1110. For the reasons stated below, the amended complaint and the action will be dismissed.

Mr. Rea's amended complaint also is generally unintelligible. The entity Mr. Rea has named as Defendant is unclear. Mr. Rea apparently contends that he did not commit a felony and that the statutes under which he was convicted violated his civil rights. Other than these allegations, the amended complaint makes no sense. Mr. Rea asserts two claims characterized as "failure to disclose true nature and cause and purpose of the statutes" (claim one), amended complaint at 4, and "the trial court deprived the plaintiff of his federal protected rights and opportunity to a civil trial and to

establish a civil proof of injury claim" (claim two). Amended complaint at 5. To the extent Mr. Rea may seek his release from incarceration through his request that the Court "issue order vacating 2002-CR-0315 from the Larimer County District Courts," amended complaint at 8, he already was informed in the March 31 order for an amended complaint that his sole federal remedy is a writ of habeas corpus, after he has exhausted state court remedies. ***See Preiser v. Rodriguez***, 411 U.S. 475, 504 (1973).

Mr. Rea's amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Boland informed Mr. Rea in the March 31 order for an amended complaint that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. ***See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. ***See TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In

order for Mr. Rea to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Here, Mr. Rea fails to identify intelligibly a defendant, much less the what, when, and how of Rule 8 requirements.

Mr. Rea again fails to set forth a short and plain statement of the grounds for the court's jurisdiction. He also fails to set forth a short and plain statement of his claims showing he is entitled to relief. As Magistrate Judge Boland emphasized in the March 31 order for an amended complaint, Mr. Rea must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that ***pro se*** pleadings must be construed liberally has limits, and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. ***See Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not comply with the pleading requirements of Fed. R. Civ. P. 8 and the directives of the March 31 order for an amended complaint.

Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Michael Rea II, to comply with the pleading requirements of Fed. R. Civ. P. 8 and the directives of the March 31, 2010, order for an amended complaint.

DATED at Denver, Colorado, this 14th day of April, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 11-cv-00360–BNB

Michael Rea II
Prisoner No. 118902
Bent County Correctional Facility
11560 Road FF75
Las Animas, CO 81054

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on April 14, 2011.

GREGORY C. LANGHAM, CLERK

By: [signature]
Deputy Clerk